UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   2:26-cv-04166-SRM-CTS                                   Date:  July 1, 2026

Title:   Fernando Rodriguez v. Warden

Present:    The Honorable CHRISTINA T. SHAY, United States Magistrate Judge

| Marina Moreno-Carrillo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**            **Order to Show Cause re: Apparent Defects in Petition**

On April 5, 2026, Petitioner Fernando Rodriguez, acting *pro se*, signed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"), which was received by the Court on April 13, 2026.  (Pet., ECF No. 1.)  The Petition appears to suffer from certain procedural defects that must be addressed by Petitioner before this case can proceed.  The Court therefore **ORDERS** Petitioner to file a written response to this Order no later than **August 3, 2026** (the "Deadline"), which must address each of the two issues discussed below.

**Statute of Limitations**

The Petition alleges that Petitioner was convicted on May 25, 2017 and sentenced on July 12, 2017, and that his conviction and sentence were affirmed on November 15, 2018.  (Pet. 1.[1])  It appears that the November 15, 2018 date is the date the California Court of Appeal denied his direct appeal in an unpublished opinion.  *People v. Fernando Rodriguez*, No. B284217 (Cal. Ct. App. Nov. 15, 2018).  Though not mentioned in the Petition, it also appears that a petition for review was subsequently filed with the California Supreme Court, which was denied on January 23, 2019. *People v. Fernando Rodriguez*, No. S253062 (Cal. Jan. 23, 2019). [2]

---

[1]  Pinpoint citations refer to the page numbers in the CM/ECF-generated headers of filed documents.
[2] The Court takes judicial notice of Petitioner's state court cases.  *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts"); *Smith v. Duncan*, 297 F.3d 809, 815 (9th Cir. 2002) (taking judicial notice of "relevant state court documents" because they "have a direct

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:26-cv-04166-SRM-CTS                              Date:  July 1, 2026

Title:    Fernando Rodriguez v. Warden

Petitioner did not commence this federal action, however, until—at the earliest—April 5, 2026, when he signed the Petition. (Pet. 21.)  It is possible that Petitioner gave the signed Petition to prison authorities for mailing the same day, so for the purpose of this Order to Show Cause, the Court will assume the Petition was constructively filed on April 5, 2026.  *See Campbell v. Henry*, 614 F.3d 1056, 1058–59 (9th Cir. 2010) ("Under the mailbox rule, a prisoner's pro se habeas petition is deemed filed when he hands it over to prison authorities for mailing to the relevant court." (citation and quotation marks omitted)); *accord* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts.  However, even a filing date of April 5, 2026 would mean that the Petition was likely filed years too late.[3]

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on all federal habeas petitions filed by persons in custody pursuant to the judgment of a state court.  *See* 28 U.S.C. § 2244(d) ("Section 2244(d)").  Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> (A)    the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

relationship to" federal habeas proceedings), *overruled on other grounds by Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

[3] District courts may consider *sua sponte* whether a state habeas petition is untimely and may dismiss a petition that is untimely on its face after providing the petitioner with an opportunity to respond.  *See Day v. McDonough*, 547 U.S. 198, 209 (2006); *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:26-cv-04166-SRM-CTS                                          Date:  July 1, 2026

Title:    Fernando Rodriguez v. Warden

28 U.S.C. § 2244(d).  The Court must evaluate the commencement of the limitation period on a claim-by-claim basis.  *See Mardesich v. Cate*, 668 F.3d 1164, 1169–71 (9th Cir. 2012); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005).

Here, it appears that the AEDPA limitation period trigger is the date on which Petitioner's criminal judgment became final.  Petitioner was sentenced on July 12, 2017.  (Pet. 1, 13, 18.)  As explained above, his direct appeal of that sentence was denied by the California Court of Appeal on November 15, 2018, and his petition for review to the California Supreme Court was denied on January 23, 2019.  Petitioner has not indicated that he filed a petition for writ of certiorari with the United States Supreme Court.  Accordingly, for the purpose of federal habeas review, Petitioner's conviction appears to have become final on April 23, 2019, ninety days after the California Supreme Court's decision.  *See* 28 U.S.C. § 2244(d)(1)(A); *Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009).

However, it appears Petitioner was resentenced on March 9, 2020.  (Pet. 13, 18.)  It does not appear, either from the Petition or the Court's own review of the state court dockets available online, that Petitioner ever appealed this resentencing.  In theory, at least, this resentencing could have restarted the clock on the limitations period.  Since Petitioner did not appeal, any new sentence imposed on March 9, 2020 would have become final 60 days after his resentencing, on May 8, 2020.  *See* Cal. R. Ct. 8.308(a) (providing 60 days after rendition of judgment to file an appeal); *see also Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (where petitioner forgoes direct appeal, judgment becomes final when the time for seeking review in state court expires).  Thus, absent any tolling, Petitioner's deadline to file a federal habeas petition was May 10, 2021.  If so, then the Petition, assumed to have been constructively filed on April 5, 2026, is untimely by almost five years.

Before concluding that the Petition was not timely filed, though, the Court must consider the possibility of tolling.  The limitations period is statutorily tolled while any properly filed application for post-conviction relief is pending in the state courts.  *See* 28 U.S.C. § 2244(d)(2).  In addition, so long as the petitioner's initial state habeas petition is timely, the time between an adverse decision of a lower state court and the petitioner's timely application in a higher state court also is tolled.  *See Valdez v. Montgomery*, 918 F.3d 687, 690 (9th Cir. 2019).  Unfortunately for Petitioner, however, statutory tolling does not help him.  While he has attached to the Petition documents related to two habeas petitions filed in Los Angeles County Superior Court (Pet. 13–20), and the Court has found, through its independent review of the state court dockets available online, evidence of additional habeas petitions filed in that court, as well as others filed in the California Court of Appeal and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.:  2:26-cv-04166-SRM-CTS                    Date:  July 1, 2026

Title:    Fernando Rodriguez v. Warden

California Supreme Court, the earliest filing date of any habeas petition in any state court appears to be July 6, 2023.  (Pet. 13.)  Even if the Court were to assume that Petitioner's state habeas petitions were properly filed, and that Petitioner was entitled to some period of statutory tolling beginning on July 6, 2023, such tolling would not cure the federal Petition's untimeliness.  The federal limitations period expired on May 10, 2021, more than two years before Petitioner brought his first habeas petition in a state court.  Thus, by the time Petitioner filed his first state habeas petition, it appears that there was no extant limitations period that could have been tolled.  *See, e.g.*, *Larsen v. Soto*, 742 F.3d 1083, 1088 (9th Cir. 2013) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." (quoting *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003))).

        In addition to statutory tolling, the limitations period may also be subject to equitable tolling.  Equitable tolling is appropriate if a petitioner can demonstrate (1) he has diligently pursued his rights up to the time of filing his claim in federal court and (2) some extraordinary circumstance prevented him from making a timely filing despite his reasonable diligence.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010); *see also Smith v. Davis*, 953 F.3d 582, 598–600 (9th Cir. 2020) (en banc).  Equitable tolling is applied sparingly, and the threshold to trigger such tolling is high.  *See, e.g.*, *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).  Here, Petitioner has not alleged any facts in the Petition indicating that he may be entitled to equitable tolling.

        Finally, in rare and extraordinary cases, a convincing showing of actual innocence may serve as a gateway through which a petitioner may pass to overcome the statute of limitations.  *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  The standard for a claim of actual innocence is demanding:  a petitioner must "persuade[] the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  To bring a tenable claim of actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  *Schlup*, 513 U.S. at 324.  The habeas court then "consider[s] all the evidence, old and new, incriminating and exculpatory, admissible at trial or not," and "makes a probabilistic determination about what reasonable, properly instructed jurors would do."  *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (alteration in original) (citations and quotation marks omitted).  Unexplained or unjustified delay in presenting new evidence is "a factor in determining whether actual innocence has been reliably shown."  *Perkins*, 569 U.S. at 387.  Here, the Petition does not identify any such new evidence, let alone provide evidence that casts serious

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   2:26-cv-04166-SRM-CTS                              Date:  July 1, 2026

Title:     Fernando Rodriguez v. Warden

doubt about the conviction and that would permit the Court to consider Petitioner's otherwise time-barred claim.  In fact, the Petition appears to challenge only the length of Petitioner's sentence, rather than the fact of his guilt, and Petitioner has expressed remorse for his actions.  (*See* Pet. 2, 22.)

However, before the Court makes a recommendation to the District Judge regarding this issue, the Court will afford Petitioner an opportunity to respond.  Petitioner is **ORDERED** to show cause in writing no later than the Deadline set above why this Court should not recommend dismissal of this action as untimely.

Petitioner may satisfy this Order to Show Cause by filing a written response setting forth additional facts that would meet his burden to show (a) he is entitled to statutory tolling, (b) he is entitled to equitable tolling, or (c) new reliable evidence supports an allegation that he is actually innocent.  *See, e.g.*, *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitation was [statutorily] tolled."); *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (acknowledging that the petitioner bears the burden of proving equitable tolling is appropriate); *Lee*, 653 F.3d at 938 (acknowledging that the petitioner bears the burden to show actual innocence).  This response should be in the form of an amended petition, using the attached Form CV-69 (see discussion below).  If the amended petition does not sufficiently address the problem identified above, the Court may prepare a Report and Recommendation of dismissal for submission to the District Judge.

Alternatively, instead of filing a response to the Order to Show Cause, Petitioner may dismiss this action voluntarily pursuant to Federal Rule of Civil Procedure 41(a) by completing and filing the attached Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)).

## Petitioner Did Not Use CV-69

The Court also notes that the Petition does not appear on Form CV-69, the standard form for Section 2254 petitions in this Court.  Pursuant to Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), a habeas petition filed in this district must substantially follow the standard form for state habeas cases approved and supplied by the Court.  The information required by Form CV-69 is critical so that the Court can meet its duty under Rule 4 of the Habeas Rules to ascertain whether the procedural requirements for a habeas action have been met.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.:   2:26-cv-04166-SRM-CTS                              Date:  July 1, 2026

Title:     Fernando Rodriguez v. Warden

Petitioner appears to have used a form of habeas petition created by some other court or jurisdiction.  It is possible that this form would have been sufficient had Petitioner filed all pages of the original form.  However, the first page of the form, which presumably included some sort of caption, has not been filed with the Court.  (*See generally* Pet.)  If Petitioner seeks to proceed with this case, therefore, he is ORDERED to file, no later than the Deadline set above, an amended petition that incorporates all pages of a completed Form CV-69, a blank copy of which is attached to this Order.

* * *

**Petitioner is cautioned that failure to respond to this Order to Show Cause by the Deadline may result in a recommendation that the Petition be dismissed for untimeliness pursuant to 28 U.S.C. § 2244(d)(1) and for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).**

This Order is non-dispositive.  However, if Petitioner believes this order erroneously disposes of any of his claims or precludes any relief sought, he may file objections with the district judge within twenty (20) days after the date of the Order.  *See Bastidas v. Chappell*, 791 F.3d 1155, 1162 (9th Cir. 2015); Fed. R. Civ. P. 72; C.D. Cal. L.Rs. 72-2.1, 72-3.4.

It is so ordered.

Attachments
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))
Form CV-69 (Petition for Writ of Habeas Corpus by a Person in State Custody)